HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREN BURGESS, individually,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF LAKEWOOD, a municipal corporation, acting through the LAKEWOOD POLICE DEPARTMENT, and, RYAN MOODY and DAVID BUTTS,<br><br>      Defendants. | NO.   C09-5584RBL<br><br>STIPULATED PROTECTIVE ORDER |

## **STIPULATION**

In order to protect the legitimate interests of the parties in maintaining the confidentiality of certain information, the parties hereby stipulate and jointly request the Court to issue the following stipulated order protecting the disclosure of certain documents:

1. This stipulation shall be applicable to and govern all documents, things and information produced or furnished during the course of this action, including, among other things,

STIPULATED [PROPOSED] PROTECTIVE
ORDER (C09-5584RBL) - 1

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

the City of Lakewood's internal investigations and police officer personnel files, plaintiff's medical records, and other sensitive materials of a private, non-public nature that may otherwise not be disclosable under the State of Washington's Public Records Act (RCW 42.56 *et seq.*), which may be produced in discovery.

2. All Confidential documents, things and information produced or furnished during the course of this action shall be used solely in connection with this litigation and preparation and trial of this case or related appellate proceedings, and not for any other purpose, including but not limited to any business, publicity, or competitive purpose or function.

3. Personnel files and private data of Officers David Butts and/or Officer Ryan Moody, information regarding unsubstantiated allegations of misconduct by other Lakewood police officers, Darren Burgess's medical records, and Darren Burgess's employment records shall be considered Confidential under this agreement. A party may designate other documents as "Confidential" by stamping or otherwise marking the material prior to providing copies to the opposing party as follows: "<u>Confidential Material Subject To Protective Order</u>" or "<u>Confidential.</u>"  A party may designate documents or information as "Confidential Information" only when that party in good faith believes the information is not generally known and is considered confidential or nondisclosable under Washington's Public Records Act or another relevant source of law.

4. Upon review of the documents so designated as confidential, if any party objects to the "Confidential" designation, the attorneys for the parties shall confer and try to reach a resolution. If the parties are unable to resolve the objection informally, the designating party may move for an order determining whether the materials are properly designated.  Said motion may be made before

STIPULATED [PROPOSED] PROTECTIVE
ORDER (C09-5584RBL) - 2

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

the trial court at any time during which the provisions of this order are in effect.  Until a motion is resolved by this Court, all materials designated as "Confidential" shall be treated in accordance with this order.

     5.    "Confidential" material may not be disclosed except as set forth in paragraphs 6 and 7 herein.

     6.    "Confidential" material may be disclosed only to the following persons:

         (a)    Outside and in-house counsel for any party to this action who is actively involved in the prosecution or defense of this litigation;

         (b)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

         (c)    Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

         (d)    In accordance with paragraph 7 of this order, any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

         (e)    Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing, or retrieving data, documents or other information, or designing programs for handling data connected with this litigation;

         (f)    Any witness in this action other than a party for the purpose of prosecution

or defense of this action, provided, however, that such witness may only be shown a copy of any Confidential material and only during the course of an interview or deposition by counsel (such witness shall not be permitted to retain, copy or take notes with respect to any Confidential material shown to him or her by any party); and

  (g) Any other person about which the parties specifically agree in writing.

  7. Each outside expert or consultant or witness to whom "Confidential" material is furnished, shown or disclosed, shall, prior to receiving the material, be provided by the person furnishing such material a copy of this order and shall certify in writing that she or he has carefully read the order, fully understands it and agrees to be bound by its terms.  Such person also must consent to be subject to the jurisdiction of this Court with respect to any proceeding relating to enforcement of this order, including, without limitation, any proceeding relating to contempt of court.  The certification and agreement shall be of the form set forth in Exhibit "A" attached hereto.  Counsel making disclosure to any person as described herein above shall retain the original executed copy of said certification and agreement until final termination of this litigation.

  8. At the conclusion of this litigation, including any appeals or petitions for review, all "Confidential" materials received under the provisions of this order shall be tendered back to the producing party, or, at the discretion of the producing party, destroyed.  Provisions of this order insofar as they restrict the communication and use of "Confidential" material shall, without written permission of the producing party or further order of this Court, continue to be binding on all persons subject to the terms of this order until further order of this Court.

STIPULATED [PROPOSED] PROTECTIVE
ORDER (C09-5584RBL) - 4

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

9. The restrictions on the use of "Confidential" materials established pursuant to this order do not apply to the party producing such material when that party uses the material for business purposes, competitive purposes, or purposes of publicity unrelated to this case. The restrictions on the use of "Confidential" materials established pursuant to this order do apply to the party producing such material when that party uses the material for purposes of publicity related to this case.

10. The foregoing is without prejudice to the right of any party: (a) to apply to the court for a further protective order relating to any "Confidential" material or relating to any discovery in this litigation; (b) to object to the production of documents not covered by or subject to this order and which it considers not subject to discovery; and (c) to apply to the court for an order compelling protection of documents or modification of this order or for any order permitting disclosure of "Confidential" material beyond the terms of this order.

11. Nothing in this order shall affect the introduction or admissibility of "Confidential" materials established pursuant to this order in support of or during any proceeding in this matter, including motion hearings, arbitration, mediation or trial.

12. If "Confidential" materials are disclosed at a deposition, only those persons who are authorized by the terms of this order to receive such material may be present. The portions of the transcripts of all testimony designated as confidential shall be separately bound by the reporter in booklets bearing the appropriate designation. If a document or item designated as "Confidential" pursuant to this order is used during the course of a deposition, that portion of the deposition reflecting such material shall be stamped with the appropriate marking and access thereto shall be

STIPULATED [PROPOSED] PROTECTIVE
ORDER (C09-5584RBL) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1 limited pursuant to the terms of this order.

2       13.    Nothing herein shall impose any restrictions on the use or disclosure by a party of any material or information, including that which is designated as "Confidential" that is obtained by such party through means independent of the court's civil discovery process in this action, whether or not such material or information is also obtained through discovery in this action.

      14.    During the time that this stipulated order has been approved and filed by the parties, but before it has been approved by the Court, it shall be enforceable as a confidentiality agreement.

DATED:  August 2, 2010.        CHRISTIE LAW GROUP, PLLC

By    /s/ Robert L. Christie
     ROBERT L. CHRISTIE, WSBA #10895
     THOMAS P. MILLER, WSBA #34473
     Attorneys for Defendants

DATED:  August 2, 2010.        VAN SICLEN, STOCKS & FIRKINS

By    /s/ Le'a J. Kent
     TYLER K. FIRKINS, WSBA #20964
     LE'A J. KENT, WSBA #40479
     Attorneys for Plaintiffs

1 **ORDER**

2     IT IS SO ORDERED.

3     DONE IN OPEN COURT/CHAMBERS this 3rd day of August, 2010.

4

5

6 _____

7 RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

STIPULATED [PROPOSED] PROTECTIVE
ORDER (C09-5584RBL) - 7

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**<u>EXHIBIT A</u>**

I acknowledge that I have read the protective order on file in the matter of *Burgess v. City of Lakewood, et al.,* Cause No. C09-5584RBL, and I understand and agree to be bound by its terms. I further understand that I may be subject to sanctions imposed by the Court, or charges for contempt of court, in the event that I violate that protective order.

I hereby consent to the jurisdiction of the United States District Court for the Western District of Washington for the limited purpose of any proceeding to enforce the terms of this Protective Order.

DATED: _____

BY: _____